UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. DAHL, JR., | No.  2:14-cv-2907 KJN P |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6       Plaintiff solely alleges that he was "strip searched in front of a woman correctional officer
7  while on film."  (ECF No. 1 at 4.)  Correctional Officer Jacinto was the woman witness who was
8  charged with videotaping the December 12, 2013 cell extraction.  (ECF No. 1 at 30.)  Plaintiff
9  names ten individuals as defendants.

10       The Civil Rights Act under which this action was filed provides as follows:

11  > Every person who, under color of [state law] . . . subjects, or causes
12  > to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the
13  > Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
16  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983
17  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no
18  affirmative link between the incidents of police misconduct and the adoption of any plan or policy
19  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another
20  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an
21  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
22  legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,
23  588 F.2d 740, 743 (9th Cir. 1978).

24       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
25  their employees under a theory of respondeat superior and, therefore, when a named defendant
26  holds a supervisorial position, the causal link between him and the claimed constitutional
27  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
28  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

3

1  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), <u>cert.</u>
2  <u>denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of
3  official personnel in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673
4  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
5  participation is insufficient).

6  Here, plaintiff fails to include specific charging allegations as to each named defendant;
7  that is, plaintiff failed to set forth specific facts setting forth how each defendant was connected or
8  linked to the alleged constitutional violation.  Plaintiff provided exhibits to his complaint that
9  indicate Lt. Konrad ordered the cell extraction, and defendant Avalos performed the unclothed
10 body search.  (ECF No. 1 at 5-6.)  But it is unclear who ordered the unclothed body search; the
11 rules violation report states that plaintiff "submitted to an unclothed body search."  (ECF No. 1 at
12 6.)  Also, it is unclear whether an unclothed body search is a routine part of a cell extraction.

13 Moreover, the exhibits suggest certain individuals were not responsible for ordering the
14 unclothed body search or the videotaping, or for performing the videotaping.  Rather, defendants
15 Hutchings, Raetz, Orpesa, Cook, and Vasquez were assigned particular duties to perform during
16 the cell extraction, but there is no indication that they were responsible for assigning Jacinto to
17 videotape the cell extraction or for ordering the cell extraction.  (ECF No. 1 at 30.)  Plaintiff
18 names Captain Roth as a defendant, but although the exhibits show he was assigned as Captain
19 for the cell extraction (ECF No. 1 at 29), there is no indication that Captain Roth was involved in
20 the cell extraction or that he ordered the cell extraction or unclothed body search.  Finally,
21 plaintiff names Warden Virga as a defendant.  However, it appears that on December 27, 2013,
22 defendant Virga signed off on the incident report.  (ECF No. 1 at 9-10.)  The exhibits do not
23 reflect that Virga was aware of the events on December 12, 2013, or that he participated in such
24 events.  (ECF No. 1 at 5-36.)

25 Further, plaintiff fails to alleges facts demonstrating that his constitutional rights were
26 violated by the female correctional officer witnessing the unclothed body search.

27 The Fourth Amendment's protection against unreasonable searches extends to
28 incarcerated prisoners.  <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir. 1988) (citing <u>Bell v.</u>

1  Wolfish, 441 U.S. 520, 558 (1979)).[1]  In determining the reasonableness of a search under the
2  Fourth Amendment "[c]ourts must consider the scope of the particular intrusion, the manner in
3  which it is conducted, the justification for initiating it, and the place in which it is conducted."
4  Bell, 441 U.S. at 559.  The reasonableness of a prisoner search is determined by reference to the
5  prison context.  Michenfelder, 860 F.2d at 332.  "When a prison regulation impinges on inmates'
6  constitutional rights, the regulation is valid if it is reasonably related to legitimate penological
7  interests."  Turner v. Safley, 482 U.S. 78, 79 (1987).

8      Prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are
9  extremely limited.  Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); see also
10 Michenfelder, 860 F.2d 328 (visual body-cavity searches of male inmates conducted within view
11 of female guards held constitutional); Grummet v. Rushen, 779 F.2d 491, 492 (high potential for
12 female guards to view male inmates disrobing, showering, and using toilet facilities did not
13 render prison policies unconstitutional); Rickman v. Avaniti, 854 F.2d 327, 327-28 (9th Cir.
14 1988) (routine visual body-cavity searches of prisoners held constitutional).  "[I]t is highly
15 questionable even today whether prison inmates have a Fourth Amendment right to be free from
16 routine unclothed searches by officials of the opposite sex, or from viewing of their unclothed
17 bodies by officials of the opposite sex."  Thompson v. Souza, 111 F.3d 694, 700-01 (9th Cir.
18 1997) (visual body-cavity search of prisoners conducted in public held constitutional).  Although
19 visual body-cavity searches of male prisoners conducted within view of female officers are
20 generally permissible, abusive cross-gender visual cavity searches may violate the Fourth
21 Amendment's reasonableness standard.  Somers v. Thurman, 109 F.3d 614, 622 n.5 (9th Cir.
22 1997), cert denied, 522 U.S. 852 (1997).

23      Here, the unclothed body search was performed in plaintiff's cell during a cell extraction,
24 and took place only on one occasion.  The cell extraction was videotaped, ostensibly for the

---

[1] In Bell, the Supreme Court assumed, *arguendo*, that prisoners retain some Fourth Amendment protection but did not decide the issue.  Five years later, in Hudson v. Palmer, 468 U.S. 517, 526 (1984), the Court held that the Fourth Amendment does not apply to searches of a prisoner's cell. Id.  "Notwithstanding the language of Hudson, [the Ninth Circuit]] has held that the Fourth Amendment . . . extends to incarcerated persons."  Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997) (citations omitted).

1   protection of both plaintiff and the correctional officers engaged in the cell extraction.  Plaintiff
2   alleges no facts describing the search, or suggesting that the search was abusive, or that the
3   videotaping was inappropriately performed.  Indeed, the fact that plaintiff expressly states he is
4   not suing Jacinto because she was "doing as she was told," suggests that Jacinto appropriately
5   videotaped the cell extraction.

6   While it is unclear whether plaintiff can amend his complaint to state a cognizable civil
7   rights claim, plaintiff is granted leave to file an amended complaint.  If plaintiff chooses to amend
8   the complaint, plaintiff must demonstrate how the conditions about which he complains resulted
9   in a deprivation of plaintiff's constitutional rights.  Rizzo, 423 U.S. at 371.  Also, the complaint
10  must allege in specific terms how each named defendant is involved.  Id.  There can be no
11  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
12  defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th
13  Cir. 1980); Duffy, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official
14  participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

15  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
16  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
17  complaint be complete in itself without reference to any prior pleading.  This requirement exists
18  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
19  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
20  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
21  original complaint, each claim and the involvement of each defendant must be sufficiently
22  alleged.

23  In accordance with the above, IT IS HEREBY ORDERED that:
24      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
25      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
27  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
28  ////

1 | Director of the California Department of Corrections and Rehabilitation filed concurrently
2 | herewith.
3 |     3. Plaintiff's complaint is dismissed.
4 |     4. Within thirty days from the date of this order, plaintiff shall complete the attached
5 | Notice of Amendment and submit the following documents to the court:
6 |         a. The completed Notice of Amendment; and
7 |         b. An original and one copy of the Amended Complaint.
8 | Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
9 | Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
10 | also bear the docket number assigned to this case and must be labeled "Amended Complaint."
11 | Failure to file an amended complaint in accordance with this order may result in the dismissal of
12 | this action.
13 | Dated:  February 3, 2015

/dahl2907.14

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | ROBERT E. DAHL, JR. ,            | No.  2:14-cv-2907 KJN P

12 |         Plaintiff,

13 |     v.                           | NOTICE OF AMENDMENT

14 | TIMOTHY VIRGA, et al.,

15 |         Defendants.

16

17      Plaintiff hereby submits the following document in compliance with the court's order

18 filed_____.

19          _____        Amended Complaint
   DATED:
20

21                                _____
                                  Plaintiff
22